MICHAUD, RESPONDENT, *v.* FREISCHEIMER, APPELLANT.

[Submitted July 22, 1895. Decided July 29, 1895.]

WARRANTY—*New trial—Sufficiency of evidence* —In an action for a breach of warranty of the quality of paint sold, the granting of a new trial after verdict for defendant was proper where it appeared that the paint, shortly after being put on certain roofs, curled up, cracked and blew off; that the roofs were dry and in proper condition to receive the paint; that it was properly put on, and that good paint when properly put on a roof in suitable condition to receive it would not curl up or blow off.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION for damages for breach of warranty. Plaintiff's motion for a new trial was granted by WOODY, J. Affirmed.

*Duis & Crouch,* for Appellant.

PEMBERTON, C. J.—This is an action brought by plaintiff to recover of defendant the price paid for certain paint sold by defendant to plaintiff on a warranty that said paint was of first-class quality, and for damages occasioned by the alleged breach of said warranty. The answer admits the warranty as to quality, but denies that the paint was worthless, as alleged in the complaint. The damages are also denied. The case was tried to a jury, who returned a verdict for the defendant.

The court, on motion of the plaintiff, set aside the verdict, and granted a new trial. Defendant appeals from this order.

It appears from the evidence that plaintiff purchased of the defendant two half barrels of " slate roof " paint, containing, respectively, twenty-five and twenty-six gallons, and one whole barrel of fifty-eight gallons, at the price of seventy-five cents per gallon; that said paint was warranted to be of first-class quality. This is admitted; also, that the price was paid. The plaintiff used the paint in painting roofs. He commenced his painting by using the paint in the two half barrels first. When that was consumed, he used that in the whole barrel. All the paint was used in painting the same roofs. The roofs were

part tin and part cedar shingles. The paint contained in the two half barrels, within four or five days after being put on the roof, "curled up," "cracked" and blew off. That used out of the whole barrel on the same roofs did not do so, but remained. The paint from the two half barrels, used both on the tin and shingle roofs "curled up," "cracked" and blew off. This did not occur when the paint in the whole barrel was used. All the paint on the roofs used out of the two half barrels, up to the point where the use of the paint in the whole barrel commenced, "curled up," "cracked" and blew off, so that that part of the roofs had to be repainted. That it was worth $25 to put the paint alleged to be worthless on the roofs; that the roofs were dry and in good condition to receive the paint; and that it was properly put on. There was evidence that all the paint was manufactured at Davenport, Iowa, by the Stearns Paint Manufacturing Company, from the same formula.

The evidence of the witnesses for defendant, who were experienced painters, is to the effect that good paint, if properly put on a roof, when in good condition to receive it, would not curl up, crack or blow off; but they said, if the roof was in good condition, and the paint properly put on, and did so curl up, crack and blow away, it would be because the paint was worthless.

There is no evidence to contradict the testimony of plaintiff and his witnesses that the roofs were dry and in good condition when the paint was put on, or that the work was properly done. Nor is there any reason given why the paint should curl up and crack on the tin roof, and blow away. It was certainly dry and in good condition to receive the paint. But the evidence shows that the paint did not stick to it any better than to the shingle roof. That the paint taken from the full barrel did not curl up, crack and blow away is evidence that it was of good quality, and properly put on. All the paint was put on by the same parties. That out of the whole barrel stuck to the roof; that from the half barrels curled up, cracked and blew off. This seems to be very strong proof to us, tend-

ing to impeach the character and quality of the paint contained in the two half barrels. Viewing the evidence in this light, the court granted plaintiff's motion for a new trial. This action of the court is assigned as error.

We are unable to discover in the action of the court complained of any abuse of that sound judicial discretion which should govern in such proceedings. The order appealed from is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.